IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHASE EPPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THOMAS DART, Sheriff of Cook County in his official and individual capacities, and Executive Director AMANDA GALLEGOS, Superintendent HERNANDEZ, Lieutenant JOHNSON, Shift Commander HUDSON, and Correctional Officer SPURLOCK, in their individual capacities, | ) Case No. 1:20-cv-05742 ) ) Hon. Judge Mary M. Rowland ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)**

Plaintiff, by and through undersigned counsel, hereby moves the Court for entry of an order granting this Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2), and in support states as follows:

1. On September 24, 2020, while an inmate at Cook County Jail, Plaintiff Chase Epps filed his *pro se* § 1983 complaint, outlining the unconstitutional conditions of confinement he was subjected to while detained in the Jail's Division 4. (Dkt. No. 1.)

2. On November 13, 2020 the Court granted Mr. Epps' revised application to proceed *in forma pauperis* and directed the Clerk of Court to issue summons for service of the complaint on Defendants Dart and Gallegos. (Dkt. No. 9.)

3. On March 25, 2021 Defendants Dart and Gallegos filed a Motion to Dismiss. (Dkt. No. 23.)

1

4. During a hearing on April 19, 2021, the Court granted Mr. Epps' oral motion to recruit counsel. (Dkt. No. 26.) Recruited counsel was identified on April 20, 2021, but later withdrew pursuant to Local Rule 83.38. (Dkt. Nos. 26, 27, 29, 30.)

5. On April 26, 2021 the Court recruited undersigned attorney James F. Hurst to represent Mr. Epps. (Dkt. No. 31.) Counsel for Mr. Epps first entered appearances on June 9, 2021. (Dkt Nos. 35–38.)

6. On June 14, 2021 the Court ordered Mr. Epps to file a new complaint on or before August 16, 2021. (Dkt. No. 39.)

7. On August 16, 2021, Mr. Epps filed his First Amended Complaint alleging violations of § 1983 based on unconstitutional living conditions. (Dkt. No. 40.)

8. At this time his First Amended Complaint was filed, Mr. Epps was still an inmate; albeit he was residing at Shawnee Correctional Center at the time, no longer at Cook County Jail. His § 1983 claims are therefore subject to the Prison Litigation Reform Act ("PLRA"),[1] which Congress enacted to curb what it characterized as "an alarming explosion in the number of lawsuits filed by State and Federal prisoners." Prison Litigation Reform Act, Pub. L. No. 104–134, § 801, 110 Stat. 1321–66, 71-73 (1996) (codified as amended at 42 U.S.C. § 1997e); 141 Cong. Rec. S7498-01, S7524 (daily ed. May 25, 1995) (statement of Sen. Dole).

9. Because his claims are subject to the PLRA, Mr. Epps' recovery is limited in "several ways." *Riggs v. Sonney*, No. 13-cv-9291, 2017 WL 2936697, at *2 (N.D. Ill. July 10, 2017). Relevant here: (1) Mr. Epps must "prove he suffered a physical injury to recover for mental anguish," *id.*; (2) his recovery for attorney's fees is limited to "150% of [his] recovery" on the

---

[1] 42 U.S.C. § 1997e; *see, e.g., Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) ("In determining whether a plaintiff is a 'prisoner confined in jail,' we must look to the status of the plaintiff at the time he brings his suit.").

merits, *id.*; and (3) he must prove he exhausted all available administrative remedies before bringing his lawsuit, 42 U.S.C. § 1997e(a).

10. On December 13, 2021, Mr. Epps was released from custody. "Now that [he] is no longer incarcerated, [Mr. Epps] clearly falls outside the statute's express definition of a prisoner and the category of litigants Congress has deemed problematic under the PLRA." *Riggs*, 2017 WL 2936697, at *3.

11. No longer an inmate or subject to the constraints of PLRA, Mr. Epps seeks to voluntarily dismiss his First Amended Complaint, without prejudice. This dismissal will allow Mr. Epps to refile his lawsuit without the constraints of a law that was not meant to apply to his current situation. *Id.* at *2 ("It would be thus advantageous for Plaintiff . . . to file without the restrictions of the PLRA.").

12. On April 6, 2022, Plaintiff sent Defendants a letter seeking their stipulation to Mr. Epps' desired dismissal without prejudice by April 8, 2022. *See* 04/06/2022 Letter from D. Zott to T. Radunsky, et al., attached as Exhibit A. Defendants failed to respond within the timeframe set by Plaintiff's letter (or at all). Therefore, Mr. Epps seeks an order from this Court granting his Motion for Voluntary Dismissal Without Prejudice under Federal Rules of Civil Procedure Rule 41.

13. Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers ***proper***". Fed. R. Civ. P. 41(a)(2) (emphasis added). It is well settled that "a defendant must demonstrate plain legal prejudice" to render a voluntary dismissal ***improper***. *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) (emphasis added). "[A] showing of injury in fact, such as ***the prospect of a second lawsuit or the creation of a tactical advantage, is insufficient to justify denying the plaintiff's motion to dismiss***." *Id.* (emphasis added).

3

14. Courts in the Northern District of Illinois have repeatedly concluded that it is "proper" under Rule 41(a)(2), and does not constitute plain legal prejudice, for a formerly incarcerated plaintiff to voluntarily dismiss and then refile a complaint to remove the constraints of the PLRA. *See Riggs*, 2017 WL 2936697, at *1-4; *Brown v. Dart*, No. 13-cv-3409, ECF Nos. 89, 94 (N.D. Ill. dismissed Oct. 14, 2014). Indeed, the Seventh Circuit endorsed this practice in *Dixon v. Page*, where it affirmed the dismissal (without prejudice) of § 1983 claims for failure to exhaust under the PLRA but noted its decision was, "of course, [] not to say that . . . Dixon might not file a new complaint under § 1983, with respect to which administrative exhaustion presumably would not be required since Dixon is no longer a prisoner." 291 F.3d 485, 488 n.1 (7th Cir. 2002).

15. And courts throughout the country, including three other Circuit Courts, have agreed that it is "proper," and does not create plain legal prejudice, for a formerly incarcerated plaintiff to voluntarily dismiss and then refile a complaint so as to be "free of the strictures of the PLRA." *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d. Cir. 2002); *see Harris v. New York*, 607 F.3d 18, 24 (2d Cir. 2010) (plaintiff whose suit is dismissed under three strikes provision but has been released can refile and seek *in forma pauperis* status like any other non-prisoner litigant); *Cox v. Mayer*, 332 F.3d 422, 425-26 (6th Cir. 2003); *Paulino v. Taylor*, 320 F.R.D. 107, 109-112 (S.D.N.Y 2017).[2]

---

[2] *See also Anderson v. Deleon*, No. 12-cv-6055, 2014 WL 3595020, at *5 (N.D. Cal. July 21, 2014); *Younker v. Ohio State Univ. Med. Ctr.*, No. 11-cv-0749, 2013 WL 3222902, at *5 (S.D. Ohio June 25, 2013), *report and recommendation adopted*, 2013 WL 3761130 (S.D. Ohio July 16, 2013); *Dilworth v. Goldberg*, No. 10-cv-2224, 2011 WL 3501869, at *15 (S.D.N.Y. July 28, 2011) (declining to dismiss case refiled after release for non-exhaustion, notwithstanding that plaintiff previously filed some of the same claims while incarcerated), *report and recommendation adopted*, 2011 WL 4526555 (S.D.N.Y. Sept. 30, 2011); *Reddic v. Evans*, No. 10-cv-1580, 2011 WL 2181311, at *3 n.1 (N.D. Cal. June 3, 2011); *Bloothoofd v. Danberg*, No. 10-cv-0868, 2011 WL 1230268, at *3 (D. Del. Mar. 31, 2011) (approving plaintiff's filing of new action after release to avoid the exhaustion requirement); *Michalski v. Krebs*, No. 09-cv-0492, 2010 WL 1032647, at *2 (S.D. Ill. Mar. 17, 2010) (plaintiff whose case is dismissed for non-exhaustion can refile without exhaustion after release); *Ladd v. Dietz*, No. 06-cv-3265, 2007 WL 160762, at *1 (D. Neb. Jan. 17, 2007) ("the plaintiff has the option of voluntarily dismissing the above-entitled case filed as a prisoner and simply refiling a same or a similar

16. The Second Circuit, in *Greig v. Goord*, explained the rationale:

> When introducing the PLRA, Senators Dole and Kyl justified treating prisoners differently from other litigants by stating that prisoners file frivolous lawsuits because filing lawsuits "has become a recreational activity for long-term residents of our prisons," because prisoners "have little to lose and everything to gain," and because filing frivolous complaints is "a means of gaining a short sabbatical in the nearest Federal courthouse." 141 Cong. Rec. S7524-26 (daily ed. May 25, 1995) (statements by Senators Dole and Kyl) (citations and internal quotation marks omitted). ***These justifications simply do not apply to individuals who were formerly incarcerated.***

169 F.3d 165, 167 (2d Cir. 1999) (emphasis added), quoting 141 Cong. Rec. S7498-01, S7524.

17. Defendants will therefore suffer no "plain legal prejudice" or disruption should the Court grant Plaintiff's Motion to Voluntarily Dismiss Without Prejudice. *Riggs*, 2017 WL 2936697, at *1-4. This is especially true here, because: (1) the case is in the early stages of litigation, with only written discovery propounded and not near completion; (2) Mr. Epps has diligently prosecuted the action; (3) avoiding the constraints of the PLRA is a sufficient explanation for dismissal; and (4) Defendants' have not filed any motion for summary judgment. See *Riggs*, 2017 WL 2936697, at *1-4 (applying *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969) and *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007)).

18. In addition, to avoid any delay or other disruption, upon entry of an Order granting Mr. Epps' Motion to Voluntarily Dismiss Without Prejudice, Mr. Epps will immediately[3] file an

---

complaint initiating a new case as a nonprisoner"); *Chrisman v. Smith*, No. 08-cv-0975, 2010 WL 503043, at *2 (S.D. Cal. Feb. 5, 2010) ("By the time of the hearing on Defendants' motion, however, Plaintiff was no longer in custody and thus no longer required by § 1997e(a) to exhaust his administrative remedies in order to bring an action against prison officials.").

[3] Pursuant to 735 ILCS 5/13-217, Mr. Epps has one year from the date of voluntary dismissal to refile his claims without running afoul of the statute of limitations. However, Mr. Epps does not wish to prolong this matter but, instead, seeks prompt redress for the constitutional wrongs inflicted upon him by Defendants. Mr. Epps will therefore refile his claims immediately upon an order granting his request for Voluntary Dismissal Without Prejudice.

identical copy of his First Amended Complaint to initiate the new case. After refiling, Mr. Epps expects the newly filed action to benefit from the progress made in the current case.

19. Under Local Rule 40.3(b)(2), the newly filed case will be assigned to this Court and, presumably, to Magistrate Judge Harjani to whom the parties' discovery disputes were recently referred.

20. Mr. Epps will again ask opposing counsel to assist in facilitating service waivers for the Defendants and the parties can refile their appearances.

21. Mr. Epps intends to file an identical complaint, which will allow the parties to rely on their previously filed responsive pleadings and fully briefed Motion to Dismiss. If counsel relies on its previously filed motion to dismiss briefing—there will be no reason to do otherwise because Mr. Epps will file an identical complaint[4]—Mr. Epps will similarly rely on his previously filed opposition briefing. This will permit the Court to continue its ongoing consideration of that motion.[5]

22. Mr. Epps is also willing to stipulate that all discovery—both completed and outstanding—from this case will apply to the new case, including propounded written discovery, responses and objections, and all related communications between the parties. All of the existing discovery will be reusable in the new case, and there will be no duplication or waste. *See Freedom From Religion Found., Inc. v. Koskinen,* No. 12-cv-0818, 2014 WL 3811050, at *1 (W.D. Wis. Aug. 1, 2014) ("But if the Foundation files an identical suit in the future . . . . [the parties] could simply reuse the written discovery that they drafted for this case and pick up where they left off

---

[4] *See Freedom From Religion Found., Inc. v. Koskinen,* No. 12-cv-0818, 2014 WL 3811050, at *1 (W.D. Wis. Aug. 1, 2014) ("But if the Foundation files an identical suit in the future . . . . [the parties] could simply . . . pick up where they left off on their summary judgment motion.")

[5] In the alternative, Mr. Epps would not object to the Court addressing the instant motion *after* it issues its decision on Defendants Dart and Gallegos' Motion to Dismiss.

on their summary judgment motion"); *Paulino v. Taylor*, 320 F.R.D. 107, 111 (S.D.N.Y. 2017) ("[T]he discovery efforts made thus far by the Defendants will remain relevant upon Plaintiff's refiling of the litigation") (collecting cases). Therefore, there should be no interruption with respect to the proceedings referred to Magistrate Judge Harjani.

23. The newly filed case should, in effect, step into the shoes of this case without missing a step. The only difference will be that Mr. Epps is no longer constrained by a law that was not meant to apply to him in his current situation.

24. Granting Plaintiff's Motion for Voluntary Dismissal without prejudice would best serve the interests of justice by allowing him to properly litigate on the merits and be fairly compensated for all of his claims.

Dated: April 8, 2022              Respectfully submitted,

/s/ David J. Zott
James F. Hurst, P.C. (6202190)
David J. Zott, P.C. (6193505)
Howard M. Kaplan (6306286)
Kate T. Walling (6321681)
Christopher T. Stackhouse (6330488)
Sarah M. Kimmer (6320922)
james.hurst@kirkland.com
dzott@kirkland.com
howard.kaplan@kirkland.com
kate.walling@kirkland.com
chris.stackhouse@kirkland.com
sarah.kimmer@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
United States
Telephone: +1 312 862 2000
Facsimile: +1 312 862 2200

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

/s/ Sarah Kimmer
Sarah Kimmer